IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SKYLAR JOHN PLATT,<br><br>        Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, COMMISSIONER OF THE SOCIAL SERCURITY ADMINISTRATION,<br><br>        Defendant. | CIVIL NO. 19-00192 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES

Before the Court is Plaintiff's counsel's Petition for 406(b) Fees, filed on January 17, 2023 (Petition), ECF No. 23. Defendant filed a Statement of No Position on January 23, 2023, ECF No. 24. At the Court's direction, Plaintiff's counsel file a Supplemental Declaration on January 30, 2023, addressing the Social Security Administration's prior award of fees, ECF No. 26. After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Petition be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections

## BACKGROUND

Plaintiff filed an application for disability benefits with the Social Security Administration (SSA), which was denied. See Pet., ECF No. 22, at 2. Plaintiff then appealed to this Court, seeking reversal of the Administrative Law Judge's decision denying his claim and remand for further administrative proceedings. See id. at 3. The Court issued an Order Affirming in Part and Remanding in Part Decision of Commissioner of Social Security on January 28, 2020. See Order, ECF No. 17. Following remand, the Court awarded Plaintiff attorneys' fees under the Equal Access to Justice Act (EAJA) in the amount of $7,350 based on the parties' stipulation. See Order of Attorney Fees, ECF No. 21. On remand, Plaintiff received a favorable hearing decision granting his application for benefits. See Pet., ECF No. 22, at 3.

Pursuant to the terms of his retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to twenty-five of his past-due benefits if his social security appeal was successful. See Ex. A to Pet., ECF No. 22-1, ¶ 3. Plaintiff also agreed that any EAJA fees awarded would offset any amount of fees owed to counsel. See id. ¶ 4.

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Plaintiff received a Notice of Award from the SSA on November 21, 2022. See Ex. B to Pet., ECF No. 22-2. In the Notice of Award, the SSA stated that "[u]nder the fee agreement, the representative cannot charge [Plaintiff] more than $6,000.00 for his or her work." See id. at 4. According to Plaintiff's counsel, the SSA was referring to the fee under 42 U.S.C. § 406(a), which is capped at the lesser of 25% of past-due benefits or a set dollar amount, currently $6,000. See Supp. Decl., ECF No. 26, at 2 (citing 42 U.S.C. § 406(a)(2)(A)). Plaintiff's counsel states that they notified the SSA of their wish to file a petition for fees under 42 U.S.C. § 406(b), but the SSA did not process the request and did not withhold 25% of the past-due benefits, which the SSA typically does until such fee petition is decided. See id. Thus, the SSA released to Plaintiff all past-due benefits minus the $6,000 in fees withheld under Section 406(a). See id.

In the Petition, Plaintiff's counsel asserts that pursuant to their retainer agreement with Plaintiff, they are entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $29,211.78, which is twenty-five percent of Plaintiff's past-due benefits, less the $6,000 in fees already paid to Plaintiff's counsel by the SSA. See Pet., ECF No. 22 at 1-2. Counsel also states that the $7,350 in EAJA fees that the Court previously awarded will be paid to Plaintiff after counsel is awarded fees. See id. at 2. Counsel states that they spent 42.75 hours working on the appeal in this action. See id. at 8; Decl., ECF No. 22-3, ¶ 10.

3

As noted above, Defendant filed a Statement of No Position to the Petition. See Stmnt., ECF No. 24.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may award reasonable fees to a successful claimant's counsel up to twenty-five percent of the claimant's past-due benefits. See 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and Section 406(b) fees combined. See 28 U.S.C. § 2412; see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee"). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. See id. at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness determination. See id. at 808; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results of the representative achieved." See Gisbrecht, 535

4

U.S. at 807-08. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall." Crawford, 586 F.3d at 1148, 1151 (quoting Gisbrecht, 535 U.S. at 808).

Under the standards articulated above, the Court finds that counsel met their burden of demonstrating that the requested fees are reasonable. Under the fee agreement in this case, Plaintiff agreed to pay counsel twenty-five percent of his past-due benefits if counsel successfully represented him on appeal and owed no fees to counsel if the appeal was unsuccessful. See Ex. A to Pet., ECF No. 22-1, ¶¶ 1, 3; Crawford, 586 F.3d at 1152 (considering the "significant risk" that attorneys face in taking social security cases on a contingent basis in determining whether the requested fees are reasonable). Counsel's request for $29,211.78 in attorneys' fees represents the statutory maximum of twenty-five percent of the past-due benefits awarded to Plaintiff, less the $6,000 in fees already paid. See Pet., ECF No. 22, at 1-2; see also 42 U.S.C. § 406(b)(1)(A). Because counsel provided quality representation and obtained a successful result in this Court, which resulted in Plaintiff receiving substantial past-due benefits, the Court

finds that no reduction in fees due to substandard performance is warranted. Further, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees awarded for dilatory conduct. Finally, no reduction in fees is necessary to prevent counsel from receiving a windfall. In support of the Petition, counsel stated that they spent 42.75 hours litigating this case. See Pet., ECF No. 22 at 8; Decl., ECF No. 22-3, ¶ 10. Dividing the fee requested by the hours spent would result in a rate of approximately $652 per hour. See id. Courts in this circuit regularly award fees with rates exceeding $1,000 per hour in similar cases. See Brazile v. Comm'r of Soc. Sec., 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court finds that no downward adjustment in the requested fees is necessary in this case. Accordingly, the court finds that a fee award of $29,211.78 is reasonable.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's counsel's Petition and authorize an attorneys' fee award of $29,211.78 in accordance with 42 U.S.C § 406(b), and ORDER Plaintiff's counsel

to pay Plaintiff the previously awarded EAJA fees in the amount of $7,350.00.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 1, 2023.



Wes Reber Porter
United States Magistrate Judge

**PLATT V. SAUL; CIVIL NO. 19-00192 DKW-WRP; FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S COUNSEL'S PETITION FOR 406(b) FEES**